4/15/2019 4:15 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-002050
Jessica A. Limon

CAUSE NO. D-1-GN-19-002050

| | | |
|---|---|---|
| Hill Country Emergency Medical Associates, P.A., Longhorn Emergency Medicine Associates, P.A., Central Texas Emergency Associates, P.A., and Emergency Associates of Central Texas, P.A., | § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | 201ST JUDICIAL DISTRICT |
| UnitedHealthCare Insurance Company and UnitedHealthCare of Texas, Inc., | § § § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW Plaintiffs Hill Country Emergency Medical Associates, P.A., Longhorn Emergency Medicine Associates, P.A., Central Texas Emergency Associates, P.A., and Emergency Associates of Central Texas, P.A., by and through undersigned counsel, file this Original Petition against Defendants UnitedHealthCare Insurance Company and UnitedHealthCare of Texas, Inc. (collectively, "The Insurance Companies"), and would show the Court as follows:

### INTRODUCTION

1. Plaintiffs Hill Country Emergency Medical Associates, P.A., Longhorn Emergency Medicine Associates, P.A., Central Texas Emergency Associates, P.A., and Emergency Associates of Central Texas, P.A. (collectively, the "Plaintiff Doctors") are four groups of physicians who provide emergency care to thousands of citizens of central Texas. Unlike most other physicians,

EXHIBIT 1

who generally have the ability to choose the patients that they treat, these doctors do not. By necessity and under compulsion of federal and state law, Plaintiff Doctors are obligated to treat all patients who require emergency services. In recognition of the nature and critical importance of these services, Texas law requires health insurers to compensate emergency medicine physicians at usual and customary rates, whether or not the doctors are part of the insurers' preferred provider networks. Reasonable compensation is essential to permit Plaintiff Doctors to continue to provide high-quality emergency services and to attract and retain physicians who are willing to work long hours under great stress in order to perform life-saving medical services in otherwise underserved areas of Texas.

2. The Insurance Companies historically have compensated Plaintiff Doctors at more reasonable rates, as required under Texas statutes. In recent years, however, the Insurance Companies began slashing the rates at which they paid Plaintiff Doctors for their emergency services. The Insurance Companies began paying some of the claims for emergency services rendered by Plaintiff Doctors at far below the usual and customary rates—substantially below the historic levels for the same services and significantly below the rates at which the Insurance Companies continued to pay other substantially identical claims.

3. One explanation for this disparity is that the Insurance Companies are reimbursing Plaintiff Doctors for services provided to members of the plans they fully underwrite at significantly lower rates than they are reimbursing Plaintiff Doctors for services provided to members of the employer-funded plans for which the Insurance Companies only provide administrative services.

4. This action seeks damages for the Insurance Companies' violations of Texas law and to compel the Insurance Companies to abide by Texas law with respect to payment of future claims.

## PARTIES

5. Plaintiff Hill Country Emergency Medical Associates, P.A. is a Texas professional association that provides physician staffing to emergency departments, primarily in Central Texas.

6. Plaintiff Longhorn Emergency Medicine Associates, P.A. is a Texas professional association that provides physician staffing to emergency departments, primarily in Central Texas.

7. Plaintiff Central Texas Emergency Associates, P.A. is a Texas professional association that provides physician staffing to emergency departments, primarily in Central Texas.

8. Plaintiff Emergency Associates of Central Texas, P.A. is a Texas professional association that provides physician staffing to emergency departments, primarily in Central Texas.

9. Defendant UnitedHealthCare Insurance Company is a corporation organized under the laws of the State of Connecticut doing business in Texas. UnitedHealthCare Insurance Company is licensed by the Texas Department of Insurance as a life, health or accident insurance company, and underwrites or administers preferred provider benefit plans and other health insurance products in the State of Texas. It may be served through its agent for service of process, C T Corporation System, 350 North Paul Street, Dallas, TX 75201.

10. Defendant UnitedHealthCare of Texas, Inc. is a corporation organized under the laws of the State of Texas with a principal office in Plano, Texas. UnitedHealthCare of Texas, Inc. is licensed by the Texas Department of Insurance as a basic health maintenance organization ("HMO"). It may be served through its agent for service of process C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## DISCOVERY CONTROL PLAN AND CLAIM FOR RELIEF

11. This case will be governed by Level 3 discovery pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiff doctors seek monetary relief in excess of $1,000,000.00.

## JURISDICTION & VENUE

12. This Court has subject-matter jurisdiction because this dispute involves an amount in controversy in excess of this Court's minimum jurisdictional requirements.

13. Venue is proper in Travis County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because a substantial part of the events or omissions giving rise to Plaintiff Doctors' claims occurred in Travis County, Texas.

14. The Insurance Companies are subject to personal jurisdiction in this state pursuant to Tex. Civ. Prac. & Rem. Code § 17.042(1) because they have entered into contracts to provide insurance to Texas residents and conduct business in this State.

## FACTS

### *The Plaintiffs Provide Necessary Emergency Care*

15. This is an action for damages stemming from the Insurance Companies' failure to properly reimburse Plaintiff Doctors for emergency services provided to members of the Insurance Companies' health plans.[1]

---

[1] Plaintiff Doctors do not assert any causes of action with respect to any patient whose health insurance was issued under Medicare Part C (Medicare Advantage) or is provided under the Federal Employee Health Benefits Act (FEHBA). Thus, there is no basis to remove this lawsuit to federal court under federal question jurisdiction. Plaintiff Doctors also do not assert any claims relating to the Insurance Companies' Managed Medicare business. As explained below, upon entry of an appearance by counsel for the Insurance Companies, Plaintiff Doctors will serve, via encrypted transmission, a list of the individual healthcare claims at issue in this litigation. To the extent that list contains any healthcare claims relating to Managed Medicare, FEHBA, or Managed Medicaid business, Plaintiff Doctors will remove them upon notice by the Insurance Companies.

16. Plaintiff Doctors are emergency medicine physicians who staff emergency departments 24 hours a day, 7 days a week. Plaintiff Doctors provide emergency department coverage at 25 Texas emergency departments.

17. As providers of emergency medical care, Plaintiff Doctors have made a commitment to providing emergency medical services to all patients, regardless of insurance coverage or ability to pay, including to patients with insurance coverage issued or underwritten by the Insurance Companies.

18. This philosophy is echoed in the federal Emergency Medical Treatment and Labor Act ("EMTALA") and Texas law, which require emergency room physicians to evaluate, stabilize, and treat all patients, regardless of their insurance status or ability to pay. *See* EMTALA, 42 U.S.C. § 1395dd; Tex. Health & Safety Code Ann. §§ 311.022–.024; Tex. Health & Safety Code Ann. §§ 241.027–.028, 241.055–.056.

19. EMTALA is one of the central sources of patient protection in the United States healthcare system.

20. However, EMTALA also places a financial burden on emergency medicine physicians, many of whom also adhere to grueling schedules and live in or commute to far-flung locations in order to ensure patients' access to emergency care.

21. Emergency medicine physicians represent 4% of physicians in this country but provide 67% of unreimbursed care.

22. On average, an emergency medicine physician provides almost $140,000 of charity care every year, and a third of emergency physicians provide more than 30 hours of charity care each week.

23. Almost 1 in 5 emergency patients has no ability to pay, and 3 out of 4 emergency room visits are reimbursed below cost.

24. In recognition of the challenges unique to the practice of emergency medicine, the Texas Legislature explicitly requires insurers and HMOs to reimburse healthcare providers of emergency services at either the usual and customary rate or an agreed rate. Tex. Ins. Code § 1271.155 (HMO plans); Tex. Ins. Code § 1301.0053 (POS plans); § 1301.155 (PPO plans).

25. The usual and customary rate is the general prevailing cost of a service within a geographic area.

26. These provisions are imperative to ensuring that emergency medicine physicians remain able to offer high quality services to Texas residents. They account for the expenses associated with emergency medicine physicians' education and continued training and incentivize emergency medicine physicians to move to underserved areas, ensuring that emergency medical services are available across the state.

### *The Insurance Companies Underpaid the Plaintiffs for Emergency Services*

27. The Insurance Companies operate an HMO under Chapter 843 of the Texas Insurance Code and as an insurer under Chapter 1301 of the Texas Insurance Code. The Insurance Companies provide, either directly or through arrangements with providers such as hospitals and Plaintiff Doctors, healthcare benefits to their subscribers.

28. In spite of the essential role emergency medicine physicians such as Plaintiff Doctors play in the United States healthcare system, the Insurance Companies have refused to offer sustainable provider contracts to Plaintiff Doctors.

29. Because there is no contract between the Insurance Companies and any of Plaintiff Doctors for the healthcare claims at issue in this litigation. Plaintiff Doctors are designated as "non-participating" or "out-of-network" for all of the claims at issue in this litigation.

30. Because Plaintiff Doctors did not participate in the Insurance Companies' provider network, there was no agreed rate. The Insurance Companies are therefore obligated to reimburse Plaintiff Doctors at the usual and customary rate for emergency services Plaintiff Doctors provided to their patients.

31. Despite not participating in the Insurance Companies' provider network for the time at issue, Plaintiff Doctors regularly provide emergency services to the Insurance Companies' health plan enrollees.

32. From January 2016 to September 2018, Plaintiff Doctors have provided emergency medical services to thousands of the Insurance Companies' health plan enrollees.

33. The Insurance Companies' members have received a wide variety of emergency services (in some instances, life-saving services) from Plaintiff Doctors, including treatment of conditions ranging from cardiac arrest, to broken limbs, to burns, to diabetic ketoacidosis and shock, to gastric distress and obstetrical distress.

34. In recent years, the Insurance Companies dramatically decreased the reimbursements to Plaintiff Doctors for services provided to certain of their members.

35. Despite the Insurance Companies' obligation under the Texas Insurance Code, these new reimbursement levels were significantly less than the usual and customary rate for the services provided.

36. From January 2016 to September 2018, Plaintiff Doctors have identified more than 7,000 emergency service claims that the Insurance Companies paid at unacceptably low rates, in violation of the above-referenced sections of the Texas Insurance Code.

37. On average, the Insurance Companies allowed approximately 150% of the Medicare allowable amount for these claims.

38. The total underpayment amount for these claims is in excess of $5.7 million.

39. As stated in ¶ 34, the Insurance Companies are reimbursing Plaintiff Doctors at unacceptably low rates for services provided to some of their members. They continue to reimburse Plaintiff Doctors at more reasonable rates for services provided to other of their members. The result is that the Insurance Companies are reimbursing Plaintiff Doctors at drastically different rates for essentially the same services, provided at the same facility, to different members.

40. Upon information and belief, the Insurance Companies generally are paying the lower reimbursement rates for services provided to their fully insured members and the higher reimbursement rates for services provided to members of their administrative services only or self-insured plans.

41. Put differently, when their own money is at stake, rather than the money of one of their employer clients, the Insurance Companies pay the lower rate.

42. The Insurance Companies have failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of these claims.

43. For each of the healthcare claims at issue, the Insurance Companies determined the claim to be payable; however, they paid at an arbitrarily reduced rate. Thus, the claims at issue involve no questions of whether the claim is payable; rather, they involve only the issue of whether the Insurance Companies paid the claim at the required usual and customary rate. (They did not.)

44. Plaintiff Doctors bring this action to collect damages due to the Insurance Companies' failure to comply with Texas law and to compel the Insurance Companies to pay them the usual and customary rate for the emergency services that Plaintiff Doctors provided to their members.

45. All conditions precedent to the institution and maintenance of this action have been performed, waived, or otherwise satisfied.

## CAUSES OF ACTION

### COUNT I – Violation of the Texas Insurance Code

46. The foregoing paragraphs are incorporated by reference.

47. Defendant UnitedHealthCare of Texas, Inc. is an HMO under the Texas Insurance Code. Defendant UnitedHealthCare Insurance Company is a life, health, and accident insurer under the Texas Insurance Code, and is an insurer under Chapter 1301 of the Texas Insurance Code. Plaintiff Doctors are out-of-network providers who have provided emergency care to enrollees of the Insurance Companies' plans. Section 1271.155 of the Texas Insurance Code requires an HMO to pay for emergency care provided by out-of-network providers such as Plaintiff Doctors at the usual and customary rate or at an agreed rate. Sections 1301.0053 and 1301.155 impose the same requirement on an insurer that offers preferred provider benefit plans.[2] There is no agreed rate between the parties for emergency care that has been rendered by Plaintiff Doctors to the Insurance Companies' members; therefore the Insurance Companies are obligated to pay Plaintiff Doctors at the usual and customary rate.

48. The Insurance Companies have failed to fulfill those obligations under the Texas Insurance Code by failing to pay for emergency care at the usual and customary rate on the claims

---

[2] Texas Department of Insurance regulations impose the same requirement, and further specify the appropriate manner in which the usual and customary rate should be calculated. *See* 28 Tex. Admin. Code §§ 11.1611(e), (f)(1) (HMO plan regulations); § 3.3708(a)(1) (PPO plans). Additionally, the Texas Department of Insurance has specifically regulated that an HMO is obligated to reimburse a non-participating hospital-based physician at the usual and customary rate if he or she treats patients at a participating hospital. 28 Tex. Admin. Code § 11.1611(a). The Insurance Companies also have violated those regulations.

submitted by Plaintiff Doctors for emergency care.[3] Plaintiff Doctors are entitled to recover the difference between the amount the Insurance Companies have paid for emergency services that Plaintiff Doctors rendered to the Insurance Companies' enrollees and the usual and customary rate.

### COUNT II – Violation of Section 541.060 of the Texas Insurance Code

49. The foregoing paragraphs are incorporated by reference.

50. Section 541.060 of the Texas Insurance Code prohibits an insurer from engaging in an unfair settlement practice "with respect to a claim by an insured." Here, Plaintiff Doctors satisfy this requirement by virtue of having received an assignment of the insured's benefits from each patient and filing claims for such benefits with the Insurance Companies as the insured's assignee. Further, as a "person" that sustained actual damages—the difference between the usual and customary rate and the amount that the Insurance Companies paid—Plaintiff Doctors are specifically authorized by Section 541.151 of the Texas Insurance Code to bring an action against the Insurance Companies for their violations of Section 541.060.

51. One prohibited unfair claim settlement practice is "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). As detailed in the preceding paragraphs, the Insurance Companies have failed to comply with Sections 1271.155, 1301.0053, and 1301.155 of the Texas Insurance Code by failing to pay Plaintiff Doctors the usual and customary rate for emergency care provided to the Insurance Companies' members. By failing to pay Plaintiff Doctors the usual and customary rate, as required by Texas

---

[3] A list of the specific healthcare claims that the Insurance Companies have underpaid will be provided to the Insurance Companies by secure encrypted transmission upon entry of an appearance. The Insurance Companies' systemic underpayment of the doctors' claims is ongoing, and the doctors reserve the right to add additional healthcare claims as those claims are identified or accrue.

law, the Insurance Companies have violated Section 541.060(a)(2)(A) and committed an unfair settlement practice.

52. Plaintiff Doctors are therefore entitled to recover the difference between the amount the Insurance Companies paid for emergency care Plaintiff Doctors rendered to their members and the usual and customary rate, plus court costs and attorneys' fees. Tex. Ins. Code § 541.152(a). Because the Insurance Companies knowingly failed to pay Plaintiff Doctors the usual and customary rate for emergency care rendered to their enrollees, they are liable for a penalty equal to three times Plaintiff Doctors' damages—that is, the difference between the amount the Insurance Companies paid for emergency care Plaintiff Doctors rendered to their plan members and the usual and customary rate. *See* Tex. Ins. Code § 541.152(b).

## COUNT III – Violations of Texas Prompt Pay Statutes

53. The foregoing paragraphs are incorporated by reference.

54. The Texas Insurance Code requires an insurer or HMO to pay a healthcare provider's claim within 30 days of receipt of an electronically submitted clean claim. TEX. INS. CODE §§ 843.338, 1301.103. Though this requirement generally only applies to participating providers, the Texas Insurance Code extends this requirement to out-of-network providers of emergency services such as Plaintiff Doctors. TEX. INS. CODE §§ 843.351, 1301.069. Thus, for all electronically submitted claims, the Insurance Companies were obligated to pay Plaintiff Doctors the usual and customary rate within 30 days of receipt of the claim.

55. Despite this obligation, as alleged above, the Insurance Companies have failed to reimburse Plaintiff Doctors at the usual and customary rate within 30 days of the electronic submission of the claim. Indeed, the Insurance Companies failed to reimburse Plaintiff Doctors at the usual and customary rate *at all*. Because the Insurance Companies have failed to reimburse

Plaintiff Doctors at the usual and customary rate within thirty days of submission of the claims as the Texas Insurance Code requires, the Insurance Companies are liable to Plaintiff Doctors for statutory penalties.

56. For all claims payable by plans that the Insurance Companies insure that they failed to pay at the usual and customary rate within 30 days, the Insurance Companies are liable to Plaintiff Doctors for penalties. TEX. INS. CODE §§ 843.342, 1301.137.

57. Plaintiff Doctors seek penalties payable to them for late-paid claims under these statutes.

58. Plaintiff Doctors are also entitled to recover their reasonable attorneys' fees.

### COUNT IV - Quantum Meruit

59. The foregoing paragraphs are incorporated by reference.

60. Plaintiff Doctors rendered valuable emergency services to the Insurance Companies' members.

61. The Insurance Companies received the benefit of having its healthcare obligations to its plan members discharged and their enrollees received the benefit of the emergency care provided to them by Plaintiff Doctors.

62. As insurers, the Insurance Companies were reasonably aware that medical service providers, including Plaintiff Doctors, would expect to be paid by the Insurance Companies for the emergency services provided to their members. Indeed, as pleaded above, this obligation is codified in the Texas Insurance Code and accompanying regulations.

63. The Insurance Companies accepted the benefit of the services provided by Plaintiff Doctors to members of their health plans.

64. Therefore, Plaintiff Doctors are entitled to quantum meruit recovery for the value of the services provided. However, the Insurance Companies have arbitrarily and unilaterally reimbursed Plaintiff Doctors at amounts far lower than required.

65. As a result of the Insurance Companies' actions, Plaintiff Doctors have been damaged in the amount in excess of the minimum jurisdictional limits of this Court. Plaintiff Doctors sue for the damages caused by the Insurance Companies' conduct and are entitled to recover the difference between the amount the Insurance Companies paid for emergency care Plaintiff Doctors rendered to their members and the reasonable value of the service that Plaintiff Doctors rendered to the Insurance Companies by discharging their obligations to their plan members.

## COUNT V – Declaratory Judgment

66. The foregoing paragraphs are incorporated by reference.

67. As set out above, Plaintiff Doctors provide emergency care to patients who present to emergency departments in Central Texas, including the Insurance Companies' insureds. Under Texas law, the Insurance Companies are required to pay Plaintiff Doctors the usual and customary rate for that emergency care. *See* TEX. INS. CODE § 1271.155; 28 TEX. ADMIN. CODE §§ 11.1611(a), (e), (f)(1). Instead of reimbursing Plaintiff Doctors at the usual and customary rate, the Insurance Companies have reimbursed Plaintiff Doctors at reduced rates with no relation to the usual and customary rate.

68. An actual, justiciable controversy therefore exists between the Parties regarding the rate of payment for Plaintiff Doctors' emergency care that is the usual and customary rate that the Texas Insurance Code requires the Insurance Companies to pay. Plaintiff Doctors therefore request a declaration that the rates that the jury determines to be the usual and customary rates for

the past healthcare claims asserted in the preceding Counts are the usual and customary rates that the Insurance Companies are required to pay to Plaintiff Doctors for the emergency care that Plaintiff Doctors provide to the Insurance Companies' insureds in the future.

69. Plaintiff Doctors are entitled to an award of attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

## CONDITIONS PRECEDENT

70. All conditions precedent have been performed or have occurred.

## ATTORNEYS FEES

71. Plaintiff Doctors retained the services of Waller Lansden Dortch & Davis, L.L.P. to bring and prosecute this lawsuit. Plaintiff Doctors are entitled to recover, and hereby seek, their attorneys' fees and expenses incurred in bringing and prosecuting this lawsuit, pursuant to Texas Civil Practice and Remedies Code §37.009, et seq., the above-referenced provisions of the Texas Insurance Code, and other applicable law.

## RULE 193.7 NOTICE

72. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff Doctors hereby give notice to the Insurance Companies that Plaintiff Doctors intend to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## RULE 194 REQUEST FOR DISCLOSURE AND DISCOVERY REQUESTS

73. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff Doctors request that the Insurance Companies disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## JURY DEMAND

74. Plaintiff Doctors hereby demand a trial by jury of the above-styled action pursuant to Texas Rule of Civil Procedure 216(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby request that Defendants UnitedHealthCare Insurance Company and UnitedHealthCare of Texas, Inc., be cited to appear and answer this Original Petition, and that upon final trial and determination thereof, judgment be entered in favor of Plaintiff Doctors awarding them the following relief:

- A. The difference between the amount the Insurance Companies have already paid on the healthcare claims at issue and the usual and customary rate;
- B. An award of penalties pursuant to Texas Insurance Code § 541.152;
- C. Penalties due under Texas Insurance Code §§ 843.342, 1301.137
- D. Quantum meruit recovery;
- E. Declaratory judgment as requested above;
- F. Reasonable attorneys' fees and court costs;
- G. Prejudgment and postjudgment interest; and
- H. Such other and further relief to which the Plaintiffs may be entitled.

Dated this 15th day of April, 2019.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: 512/685-6400
Facsimile: 512/685-6417

By:   /s/ Rick Harrison
      Rick Harrison
      Texas State Bar No. 09120000
      rick.harrison@wallerlaw.com
      Jamie McGonigal
      Texas State Bar No. 24007945
      jamie.mcgonical@wallerlaw.com

*and*

Larry Childs
(Pro Hac Vice Application Pending)
larry.childs@wallerlaw.com
Alabama State Bar No. ASB-9113-C581
Helen L. Eckinger
(Pro Hac Vice Application Pending)
helen.eckinger@wallerlaw.com
Alabama State Bar No. ASB-9088-C170
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: 205/226-5708