IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACS PRIMARY CARE PHYSICIANS SOUTHWEST, P.A., HILL COUNTY EMERGENCY MEDICAL ASSOCIATES, P.A., LONGHORN EMERGENCY MEDICAL ASSOCIATES, P.A., CENTRAL TEXAS EMERGENCY ASSOCIATES, P.A., EMERGENCY ASSOCIATES OF CENTRAL TEXAS, P.A., AND EMERGENCY SERVICES OF TEXAS, P.A., | § § § § § § § § § | |
| | § | C.A. NO. 4:20-CV-1282 |
| *Plaintiffs,* | § § | JURY |
| v. | § § | |
| UNITEDHEALTHCARE INSURANCE COMPANY AND UNITEDHEALTHCARE OF TEXAS, INC., | § § § § | |
| *Defendants.* | § § | |

## PLAINTIFFS' AMENDED COMPLAINT[1]

Plaintiffs ACS Primary Care Physicians Southwest, P.A., Hill Country Emergency Medical Associates, P.A., Longhorn Emergency Medical Associates, P.A., Central Texas Emergency Associates, P.A., Emergency Associates of Central Texas, P.A., and Emergency Services of Texas, P.A., ("Plaintiff Doctors") by and through undersigned counsel, file this Amended Complaint against Defendants UnitedHealthCare Insurance Company and UnitedHealthCare of Texas, Inc. (collectively, the "Insurance Companies"), and show the Court as follows:

---

[1] Plaintiffs expressly dispute that the Court has subject-matter jurisdiction over this action. This case is currently pending in federal court as a result of Defendants' improper removal. The filing of this Amended Complaint is without waiver of Plaintiffs' right to seek remand to the Texas District Court for the 190th District, Harris County. Plaintiffs' Motion to Remand will be filed immediately following submission of this Amended Complaint.

**DISCOVERY CONTROL PLAN AND CLAIM FOR RELIEF**

Following remand to state court, this case will be governed by Level 3 discovery pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiff Doctors seek monetary relief in excess of $1,000,000.00.

**INTRODUCTION**

1.      Plaintiff Doctors provide emergency care to thousands of citizens of Texas. Unlike most physicians, who can choose the patients that they treat, these doctors cannot. Under compulsion of federal and state law, Plaintiff Doctors are obligated to treat all patients who present in the emergency department. In recognition of the nature and critical importance of these services, Texas law requires health insurers to compensate emergency medicine physicians at usual and customary rates. Reasonable compensation is essential to permit Plaintiff Doctors to continue to provide high-quality emergency services and to attract and retain physicians who are willing to work long hours under stressful conditions providing life-saving medical services in otherwise underserved areas of Texas.

2.      In recent years, the Insurance Companies have begun reimbursing the Plaintiff Doctors at rates below those required both by statute and by the Parties' implied agreement.

3.      This action seeks damages for the Insurance Companies' violations of the Texas Insurance Code and the Parties' implied-in-fact contract.

**PARTIES**

4.      Plaintiff ACS Primary Care Physicians Southwest, P.A. is a Texas professional association that provides physician staffing to emergency departments in Texas.

5.      Plaintiff Hill Country Emergency Medical Associates, P.A. is a Texas professional association that provides physician staffing to emergency departments in Texas.

6.      Plaintiff Longhorn Emergency Medical Associates, P.A. is a Texas professional association that provides physician staffing to emergency departments in Texas.

7.      Plaintiff Central Texas Emergency Associates, P.A. is a Texas professional association that provides physician staffing to emergency departments in Texas.

8.      Plaintiff Emergency Services of Texas, P.A. is a Texas professional association that provides physician staffing to emergency departments in Texas.

9.      Plaintiff Emergency Associates of Central Texas, P.A. is a Texas professional association that provides physician staffing to emergency departments in Texas.

10.     Defendant UnitedHealthCare Insurance Company is a corporation organized under the laws of the State of Connecticut and doing business in Texas. UnitedHealthCare Insurance Company is licensed by the Texas Department of Insurance as a life, health, or accident insurance company, and underwrites or administers preferred provider benefit plans and other health insurance products in the state of Texas. It may be served through its agent for service of process, CT Corporation System, 350 North Paul Street, Dallas, TX 75201.

11.     Defendant UnitedHealthCare of Texas, Inc. is a corporation organized under the laws of the state of Texas with a principal office in Plano, Texas. UnitedHealthCare of Texas, Inc. is licensed by the Texas Department of Insurance as a basic health maintenance organization ("HMO"). It may be served through its agent for service of process, CT Corporation System,  1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION & VENUE

12.     The United States District Court does NOT have subject-matter jurisdiction over this dispute. Plaintiff Doctors file their Amended Complaint in this Court only because Defendants have improperly removed this action from state court, despite the absence of federal subject-matter

jurisdiction.

13.     The state District Court of Texas has subject-matter jurisdiction because this dispute involves an amount in controversy in excess of that Court's minimum jurisdictional requirements.

14.     Venue is proper in the state District Court of Harris County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because a substantial part of the events or omissions giving rise to Plaintiff Doctors' claims occurred in Harris County, Texas.

15.     Insurance Companies are each subject to personal jurisdiction in Texas pursuant to Tex. Civ. Prac. & Rem. Code § 17.042(1) because they have entered into contracts to provide insurance to Texas residents and conduct business in this State.

## FACTS

### *Plaintiffs Provide Necessary Emergency Care*

16.     This is an action for damages stemming from Insurance Companies' failure to properly reimburse Plaintiff Doctors for emergency services provided to members of Insurance Companies' health plans in Texas.[2]

17.     Plaintiff Doctors are emergency medicine physicians who staff hospital emergency departments 24 hours a day, 7 days a week. Plaintiff Doctors provide emergency department coverage at more than 25 Texas emergency departments.

---

[2] Plaintiff Doctors do not assert any causes of action with respect to any patient whose health insurance was issued under Medicare Part C (Medicare Advantage) or the Federal Employee Health Benefits Act (FEHBA). Plaintiff Doctors also do not assert any claims relating to Defendants' Managed Medicare business. Plaintiff Doctors will serve, via encrypted transmission, a list of the individual healthcare claims at issue in this litigation. To the extent that list contains any healthcare claims relating to Managed Medicare, FEHBA, or Managed Medicaid business, Plaintiff Doctors will remove them upon notice by Defendants. Additionally, Plaintiff Doctors do not assert any causes of action under ERISA and are not suing derivatively to enforce an ERISA plan beneficiary's claim for benefits.  Thus, there is no federal question jurisdiction pursuant to ERISA.

18.    Plaintiff Doctors and the hospitals whose emergency departments they staff are obligated by both Texas and federal law to examine any individual visiting the emergency department and to provide stabilizing treatment to any such individual with an emergency medical condition, regardless of the individual's insurance coverage or ability to pay. *See* Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd; Tex. Health & Safety Code Ann. §§ 311.022–.024; Tex. Health & Safety Code Ann. §§ 241.027–.028, 241.055–.056. Plaintiff Doctors fulfill this obligation for the hospitals and facilities which they staff. In this role, Plaintiff Doctors provide emergency medical services to all patients, including to patients with insurance coverage issued and/or underwritten by Insurance Companies (the "Members").

19.    The Texas Insurance Code explicitly requires insurers and HMOs, such as Insurance Companies, to reimburse emergency medical providers at either the "usual and customary rate" or an "agreed rate." Tex. Ins. Code § 1271.155(a) (HMO plans); Tex. Ins. Code § 1301.0053(a) (EPO plans); § 1301.155(b) (PPO plans).

### *Insurance Companies Underpaid Plaintiff Doctors for Emergency Services*

20.    Insurance Companies operate as an HMO under Chapter 843 of the Texas Insurance Code and as an insurer under Chapter 1301 of the Texas Insurance Code.  Insurance Companies provide, either directly or through arrangements with providers such as hospitals and Plaintiff Doctors, healthcare benefits to their Members.

21.    Because there is no express, written contract between Insurance Companies and any of the Plaintiff Doctors for the healthcare claims at issue in this litigation, Plaintiff Doctors are designated as "non-participating" or "out-of-network" for all claims at issue. Nonetheless, the Plaintiff Doctors and Insurance Companies have implied demonstrated their mutual assent to an agreement requiring the Insurance Companies to reimburse the Plaintiff Doctors at a usual and

customary rate for emergency medical services rendered to the Insurance Companies' Members and requiring the Plaintiff Doctors to accept reimbursement at a usual and customary rate as payment in full. As such, the Parties have formed an enforceable, implied-in-fact contract.

22.      From January 2016 through the present, Plaintiff Doctors have provided emergency medical services to thousands of Insurance Companies' Members.

23.      Insurance Companies' Members have received a wide variety of emergency services (in some instances, life-saving services) from Plaintiff Doctors, including treatment of conditions ranging from cardiac arrest, to broken limbs, to burns, to diabetic ketoacidosis and shock, to gastric distress, and obstetrical distress.  Most recently, the Plaintiff Doctors have provided and continue to provide care to critically ill COVID-19 patients.

24.      In recent years, Insurance Companies have dramatically decreased the reimbursements to Plaintiff Doctors for services provided to certain of their Members.

25.      Despite Insurance Companies' obligations under both the Texas Insurance Code and the Parties' implied-in-fact contract, these new reimbursement levels are significantly below the usual and customary rates for the services provided.

26.      From January 2016 through the present, Plaintiff Doctors have identified thousands of emergency service claims that Insurance Companies paid at unacceptably low rates, in violation of both the above-referenced sections of the Texas Insurance Code and the Parties' implied-in-fact contract.[3]

27.      For each of the healthcare claims at issue, Insurance Companies have already

---

[3] Pursuant to the recently enacted Senate Bill 1264, medical providers must submit to mandatory arbitration prior to filing suit for underpayment of certain out-of-network claims for medical services rendered on or after January 1, 2020.  *See* Tex. Ins. Code § 1467.085.  This action does not seek recovery for underpayment of any claim for reimbursement subject to mandatory arbitration.

determined the claims to be payable pursuant to the terms of the Members' respective health plans and have actually paid the claims. Thus, this action involves no dispute over whether the relevant claims are covered by the Members' health benefits.  Rather, this action solely involves a dispute over whether the Insurance Companies have paid the appropriate rates of reimbursement for the undisputedly covered claims.

28.     Plaintiff Doctors bring this action to collect damages from the Insurance Companies for the Insurance Companies' failure to comply with the Texas Insurance Code and breach of the Parties' implied-in-fact contract, and to compel the Insurance Companies to pay Plaintiff Doctors the usual and customary rate for the emergency services that Plaintiff Doctors have provided to Insurance Companies' Members.

29.     All conditions precedent to the institution and maintenance of this action have been performed, waived, or otherwise satisfied.

## CAUSES OF ACTION

### COUNT I – Violation of the Texas Insurance Code

30.     Plaintiff Doctors re-allege and restate paragraphs 1-29 as if they were fully set forth herein.

31.     Defendant UnitedHealthCare of Texas, Inc. is an HMO under the Texas Insurance Code. Defendant UnitedHealthCare Insurance Company is a life, health, and accident insurer under the Texas Insurance Code, and is an insurer under Chapter 1301 of the Texas Insurance Code. Plaintiff Doctors are out-of-network providers who have provided emergency care to Insurance Companies' Members.

32.     Section 1271.155(a) of the Texas Insurance Code requires an HMO to pay for emergency care provided by out-of-network providers such as Plaintiff Doctors "at the usual and customary rate or at an agreed rate." Section 1301.0053(a) imposes the same requirement on an

insurer that offers exclusive provider benefit plans. Section 1301.155(b) imposes the same requirement on an insurer that offers preferred provider benefit plans.

33.     Here, the "usual and customary rate" and the "agreed rate" are identical, as the Parties have agreed that the Insurance Companies will reimburse the Plaintiff Doctors at the usual and customary rate.

34.     Insurance Companies have failed to fulfill those obligations under the Texas Insurance Code by failing to pay for emergency care at the usual and customary rate on the claims submitted by Plaintiff Doctors for emergency care rendered to Insurance Companies' Members.

35.     Plaintiff Doctors are entitled to recover the difference between the usual and customary rate and the amount Insurance Companies have paid for emergency services that Plaintiff Doctors rendered to Insurance Companies' Members.

## COUNT II – Breach of Contract Implied in Fact

36.     Plaintiff Doctors re-allege and restate paragraphs 1-29 as if they were fully set forth herein.

37.     Insurance Companies and Plaintiff Doctors have demonstrated their mutual agreement and understanding that Insurance Companies will reimburse Plaintiff Doctors at the usual and customary rate for any emergency services rendered to Insurance Companies' Members, and that Plaintiff Doctors will accept reimbursement at the usual and customary rate as payment in full for the provision of such emergency services. Accordingly, the Parties have formed an enforceable, implied-in-fact contract.

38.     However, after Plaintiff Doctors rendered emergency medical services to Insurance Companies' members, Insurance Companies paid to Plaintiff Doctors amounts significantly less than the usual and customary rates for the services rendered.

39.     The Insurance Companies' failure to reimburse Plaintiff Doctors at a usual and customary rate constitutes a breach of the Parties' implied-in-fact contract.

40.     Consequently, Plaintiff Doctors seek damages for the breach, in the amount of the difference between the usual and customary rates and the amounts Insurance Companies have paid for emergency services that Plaintiff Doctors rendered to Insurance Companies' Members.

## COUNT III – Quantum Meruit

41.      Plaintiff Doctors re-allege and restate paragraphs 1-29 as if they were fully set forth herein.

42.     Plaintiff Doctors rendered valuable emergency services to Insurance Companies' members.

43.     Insurance Companies received the benefit of having its healthcare obligations to its plan members discharged and their members received the benefit of the emergency care provided to them by Plaintiff Doctors.

44.     As insurers, Insurance Companies were reasonably aware that medical service providers, including Plaintiff Doctors, would expect to be paid by Insurance Companies for the emergency services provided to their members. Indeed, as pleaded above, this obligation is codified in the Texas Insurance Code and accompanying regulations and was impliedly agreed to by the Parties.

45.     Insurance Companies accepted the benefit of the services provided by Plaintiff Doctors to members of their health plans. However, Insurance Companies have arbitrarily and unilaterally reimbursed Plaintiff Doctors at amounts far lower than the value of the services provided by Plaintiff Doctors.

46.     Therefore, Plaintiff Doctors are entitled to *quantum meruit* recovery.

47. As a result of Insurance Companies' actions, Plaintiff Doctors have been damaged and are entitled to recover the difference between the amount Insurance Companies paid for emergency care Plaintiff Doctors rendered to Insurance Companies' members and the reasonable value of the services that Plaintiff Doctors rendered to Insurance Companies by discharging their obligations to Insurance Companies' plan members.

## RULE 193.7 NOTICE[4]

48. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff Doctors hereby give notice to Insurance Companies that Plaintiff Doctors intend to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## RULE 194 REQUEST FOR DISCLOSURE AND DISCOVERY REQUESTS

49. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff Doctors request that Insurance Companies disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## JURY DEMAND

50. Plaintiff Doctors hereby demand a trial by jury of the above-styled action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ACS Primary Care Physicians Southwest, P.A., Hill Country Emergency Medical Associates, P.A., Longhorn Emergency Medical Associates, P.A., Central Texas Emergency Associates, P.A., Emergency Associates of Central Texas, P.A., and Emergency Services of Texas, P.A. hereby request that Defendants UnitedHealthCare Insurance Company and

---

[4] Following remand, this Amended Complaint will serve as the action's operative pleading in Texas state court.  Accordingly, Plaintiff Doctors include notices required by Rules 193.7 and 194 of the Texas Rules of Civil Procedure.

UnitedHealthCare of Texas, Inc., be cited to appear and answer this Amended Complaint, and that upon final trial and determination thereof, judgment be entered in favor of Plaintiffs awarding them the following relief:

 A. Monetary damages equaling the difference between the amount Defendants have already paid on the healthcare claims at issue and the usual and customary rate;

 B. quantum meruit recovery;

 C. court costs;

 D. pre-judgment and post-judgment interest; and

 E. such other and further relief to which the Plaintiffs may be entitled.

    Respectfully submitted,

    */s/ John Zavitsanos*
    John Zavitsanos, attorney-in-charge
    Texas Bar No. 22251650
    Federal ID No. 9122
    jzavistanos@azalaw.com
    Sammy Ford IV
    Texas Bar No. 24061331
    Federal ID No. 950682
    sford@azalaw.com
    Michael Killingsworth
    Texas Bar No. 24110089
    Federal ID No. 950682
    mkillingsworth@azalaw.com
    **AHMAD, ZAVITSANOS, ANAIPAKOS,**
     **ALAVI & MENSING, PC.**
    1221 McKinney, Suite 2500
    Houston, Texas 77010
    T: 713-655-1101
    F: 713-655-0062

Alan D. Lash, *Pro Hac Vice Pending*
Florida Bar No. 510904
alash@lashgoldberg.com
Justin C. Fineberg, *Pro Hac Vice Pending*
Florida Bar No. 0053716
jfineberg@lashgoldberg.com
Jonathan E. Siegelaub, *Pro Hac Vice Pending*
Florida Bar No. 1019121
jsiegelaub@lashgoldberg.com
**LASH & GOLDBERG LLP**
Miami Tower, Suite 1200
100 Southeast Second Street
Miami, Florida 33131
T: 305-347-4040
F: 305-347-4050

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on April 28, 2020, a true and correct copy of the above and foregoing has been served via CM/ECF on all counsel of record.

Andrew G. Jubinsky
Donald Colleluori
FIGARI + DAVENPORT LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
*Counsel for Defendants*

/s/ *John Zavitsanos*
John Zavitsanos