IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACS PRIMARY CARE PHYSICIANS SOUTHWEST, PA, HILL COUNTRY EMERGENCY MEDICAL ASSOCIATES, P.A., LONGHORN EMERGENCY MEDICAL ASSOCIATES, P.A., CENTRAL TEXAS EMERGENCY ASSOCIATES, P.A., EMERGENCY ASSOCIATES OF CENTRAL TEXAS, P.A., and EMERGENCY SERVICES OF TEXAS, P.A, | § § § § § § § § § § § § § § § § § § § § | No. 4:20-CV-01282<br>JURY<br>Hon. Andrew S. Hanen<br><br>……. **[Expedited Briefing Requested]** |
| *Plaintiffs*, | | |
| v. | | |
| UNITEDHEALTHCARE INSURANCE COMPANY and UNITEDHEALTHCARE OF TEXAS, INC., | | |
| *Defendants*. | | |

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING A DECISION ON PLAINTIFFS' MOTION TO REMAND OR, ALTERNATIVELY, FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

| | |
|---|---|
| **LASH & GOLDBERG LLP**<br>Alan D. Lash*<br>Justin C. Fineberg*<br>Jonathan E. Siegelaub*<br>Miami Tower<br>100 S.E. 2nd Street, Suite 1200<br>Miami, FL 33131<br>*Pro Hac Vice to be submitted* | **AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, PC.**<br>John Zavitsanos<br>Sammy Ford IV<br>Michael Killingsworth<br>1221 McKinney, Suite 2500<br>Houston, TX 77010 |

Plaintiffs ACS Primary Care Physicians Southwest, P.A., Hill Country Emergency Medical Associates, P.A., Longhorn Emergency Medical Associates, P.A., Central Texas Emergency Associates, P.A., Emergency Associates of Central Texas, P.A., and Emergency Services of Texas, P.A. (collectively, the "Medical Groups"), by and through undersigned counsel, respectfully move for an order staying this litigation in its entirety pending the Court's ruling on the Medical Groups' dispositive Motion to Remand to State Court (Dkt. 10). Alternatively, if the Court denies the request for a stay, the Medical Groups respectfully request a brief extension of time, of twenty-one (21) days following the Court's denial, to respond to the Motion to Dismiss the Amended Complaint filed by Defendants UnitedHealthCare Insurance Company and UnitedHealthCare of Texas, Inc. (collectively, the "Insurance Companies"). Further, the Medical Groups respectfully request that the Court set an expedited briefing schedule for this Motion to Stay.

## STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

The issues to be ruled upon are whether this Court (1) should stay all proceedings—apart from briefing and (if necessary) argument on the Motion to Remand—pending a decision on the Motion for Remand or (2) in the alternative, grant the Medical Groups' request for a brief extension of time to respond to the Insurance Companies' Motion to Dismiss the Amended Complaint.

The Court has inherent power to manage its docket. *Cohan v. Fresh Market, Inc.*, 2019 WL 2372972, at *1 (E.D. La. June 5, 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power includes the incidental power to stay proceedings where appropriate. *Id.* (citing *In re Beebe,* 56 F.3d 1384 (5th Cir. 1995)). In determining whether a stay is appropriate, courts examine three factors: (1) the hardship to the moving party if the action proceeds, (2) prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy. *Id.* (citations omitted). As set forth below, all three factors favor granting a stay here.

## SUMMARY OF THE ARGUMENT

The Court has broad discretion to manage the disposition of cases on its docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis*, 299 U.S. at 254). Here, the Medical Groups respectfully submit that the Court should exercise its discretion to stay all proceedings pending resolution of the Medical Groups' Motion for Remand, which raises the threshold issue of the Court's subject-matter jurisdiction. If the Court determines that it lacks jurisdiction, then all other proceedings in this federal forum will be void *ab initio*.

A stay is appropriate here because (1) the Medical Groups will be prejudiced if they are required to expend time and resources litigating in a court with no power to hear the dispute; (2) the Insurance Companies will not be prejudiced by temporarily postponing the proceedings until after the Motion to Remand has been decided; and (3) a stay would conserve judicial economy and promote efficiency because it would prevent the Court from expending resources on a dispute over which it has no jurisdiction.

Alternatively, in the event the Court denies the requested stay, the Court should grant the Medical Groups an extension of time to respond to the Insurance Companies' Motion to Dismiss the Amended Complaint, to and including twenty-one (21) days after the Court's decision on the Motion to Stay. The jurisdictional defect raised in the Motion to Remand should be addressed before the Court considers the merits of Defendants' Motion to Dismiss. Sequencing the motion practice in this manner would promote the efficient resolution of this litigation.

## BACKGROUND

The Medical Groups are emergency medical providers operating out of hospital emergency departments throughout Texas. They provide life-saving medical care to the residents of the areas in which they operate. (Am. Compl. ¶¶ 17, 23.) At present, that prominently includes care to

critically ill COVID-19 patients. Pursuant to federal law, the Medical Groups are required to medically screen and stabilize all patients who present in the emergency department, regardless of insurance status or ability to pay. (Am. Compl. ¶ 18.)

The Insurance Companies are a health insurance company and claims administrator. The Insurance Companies provide health coverage for their members, which includes coverage for emergency medical care. After the Medical Groups render emergent care to the Insurance Companies' members, they submit claims for reimbursement to the Insurance Companies. For several years, the Insurance Companies have routinely reimbursed these claims at rates substantially below the usual and customary rates for the services rendered, in violation of both the Texas Insurance Code and the Parties' implied-in-fact contract. (Am. Compl. ¶ 2.)

The Medical Groups initiated this action in the Texas District Court for the 190th Judicial District, Harris County on March 4, 2020. (Dkt. 1.) On April 10, 2020, the Insurance Companies removed the action to this Court. (Dkt. 1.) While the basis for federal subject-matter jurisdiction was facially lacking, the Insurance Companies argued that the doctrine of complete preemption under ERISA § 502(a)[1] effectively transforms the Medical Groups' state law claims into federal claims, thus creating federal question jurisdiction pursuant to 28 U.S.C. § 1331. On April 28, 2020, the Medical Groups filed an Amended Complaint (Dkt. 9) and a Motion to Remand to State Court (Dkt. 10) based upon the lack of subject-matter jurisdiction. On May 19, 2020, Defendants filed their Motion to Dismiss the Amended Complaint (Dkt. 13) and Response to the Motion to Remand (Dkt. 14) on May 19, 2020. Discovery has not yet commenced, and, critically, in their conferral prior to the filing of this Motion, all Parties agreed that a stay of discovery pending

---

[1] "ERISA" is the Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 88 Stat. 829. Section 502(a) is codified at 29 U.S.C. § 1132(a).

3

resolution of the Motion to Remand would be appropriate. Thus, the only point of dispute is whether the Court should additionally stay the briefing on the Motion to Dismiss the Amended Complaint and the submission of any subsequent pleadings, which Plaintiffs support and Defendants oppose.

The Medical Groups' Motion to Remand demonstrates that this Court lacks subject-matter jurisdiction because the claims in this case arise exclusively under Texas state law and the doctrine of complete preemption under ERISA does not apply. A ruling in favor of the Medical Groups will obviate the need for any further proceedings in this Court, including briefing and resolution of the Motion to Dismiss the Amended Complaint.

## ARGUMENT

**I. THE COURT SHOULD STAY THIS ACTION PENDING RESOLUTION OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

A federal district court has broad discretion to stay proceedings pending before it. *Clinton*, 520 U.S. at 706-07 (citing *Landis*, 299 U.S. at 254).[2] This power is incidental to the court's inherent power to control the disposition of cases on its docket "with economy of time and effort for itself, for counsel and for litigants." *Landis*, 299 U.S. at 254. Here, the Medical Groups' Motion to Remand provides a compelling basis for staying the litigation. "It is well within this Court's power (and is even the Court's duty) to determine whether Defendants have properly invoked federal jurisdiction prior to allowing this case to proceed any further in federal court."

---

[2] In addition to its inherent power to stay proceedings generally, a district court also has broad discretion to stay discovery for "good cause" shown, Fed. R. Civ. P. 26(c), which includes staying discovery pending the resolution of motions to remand. *See FDIC as Receiver for Franklin Bank v. Morgan Stanley & Co. LLC*, No. H-12-CV-1777, 2012 WL 12894738, *2 (S.D. Tex. Oct. 30, 2012) (granting motion to stay discovery pending competing motions to remand to state court or transfer to another district court because determining the proper forum first would allow for motions to cite proper legal authorities and be more efficient for the parties and the courts) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

4

*Strickland v. Proffitt*, No. 3:18-CV-0944-C, 2018 WL 10425910, at *3 (N.D. Tex. May 4, 2018) (explaining that the court is "mindful of the preeminence of jurisdictional issues and exercising its discretion to control its own docket"). Thus, before this Court considers the merits of Plaintiffs' claims, it should resolve the threshold question of whether it has subject-matter jurisdiction over the dispute.

"To determine whether a stay is appropriate, the Court weighs the competing interests of the parties and the Court." *Strickland*, 2018 WL 10425910, at *2. Such analysis requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In doing so, Courts examine three factors: (1) the hardship to the moving party if the action proceeds, (2) prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy. *Cohan*, 2019 WL 2372972, at *1. All three factors favor granting a stay in this case.

First, the Medical Groups' would be substantially prejudiced in the absence of a stay. If the litigation were to proceed in this Court during the pendency of the Motion to Remand, the Medical Groups will be compelled to expend significant time and expense responding to the Insurance Companies' Motion to Dismiss the Amended Complaint, which raises numerous complex issues. Then, upon remand, the Medical Groups will have to expend additional resources responding to an inevitable motion to dismiss in state court. *See Cohan*, 2019 WL 2372972, at *2 (finding that hardship to defendant favored granting a stay where proceeding would force defendant "to incur additional, unnecessary litigation costs and attorneys' fees in defending a premature claim").[3] Moreover, any discovery conducted in this Court prior to remand would not

---

[3] The Court should recognize that the jurisdictional uncertainty is not due to any fault of Plaintiffs, who initiated this action in the appropriate forum. Plaintiffs should not be saddled with additional, unnecessary expenses owing to Defendants' improper removal.

5

proceed according to the procedural rules of the forum which will ultimately adjudicate the dispute. These issues can be avoided through implementation of a brief stay.[4]

Second, a short stay would pose no hardship for Defendants. The stay would be temporary and would end once the Court issues a ruling on the Motion for Remand. Far from prejudicing the Insurance Companies, a stay of the proceedings would benefit them by obviating unnecessary motion practice and discovery. *Cohan*, 2019 WL 2372972, at *2 (holding that "briefly delaying" the action by 60 days was warranted because "it would be a great waste of the everyone's time and resources to prematurely proceed . . . only to have the issues resolved and rendered moot").

Finally, granting the requested stay would preserve judicial economy, because it would prevent the Court from expending resources on litigation over which it has no subject-matter jurisdiction. A brief stay that would permit the Court to rule on the Motion to Remand is therefore appropriate.

## II. ALTERNATIVELY, THE COURT SHOULD GRANT THE EXTENSION OF TIME FOR PLAINTIFFS TO RESPOND TO DEFENDANTS' MOTION TO DISMISS

If the Court declines to stay this litigation, the Medical Groups respectfully request a brief extension of time to respond to Defendants' Motion to Dismiss the Amended Complaint until twenty-one days (21) following the Court's denial. In the interest of conserving judicial resources,

---

[4] In a related dispute between affiliates of the Medical Groups and affiliates of the Insurance Companies currently pending in Nevada, the defendant insurance companies removed the action to federal court on the basis of complete preemption under ERISA. The defendants then successfully opposed the medical provider plaintiffs' motion for a stay, arguing in part that any discovery conducted in federal court could be applied to the state court action upon remand. Following remand, the defendants have reversed themselves and taken the position that all the proceedings which had taken place in federal court are null, and that discovery cannot proceed until certain ministerial milestones imposed by the state procedural regime have been met. (Ex. A.) If the insurance companies succeed in their obstructive aim, considerable time, effort, and money expended in litigating the federal proceedings will have been wasted.

efficiency and economy, it is appropriate to defer briefing on Defendants' Motion to Dismiss until *after* the Court resolves the instant Motion to Stay this litigation. Of course, if the Court grants the Motion to Remand, then it will not have to address the merits of the Motion to Dismiss.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter an order staying this litigation in its entirety pending the Court's ruling on the Medical Groups' dispositive Motion to Remand to State Court (Dkt. 10). Alternatively, if the Court denies the request for a stay, the Medical Groups respectfully request a brief extension of time, of twenty-one (21) days following the Court's denial, to respond to Defendants' Motion to Dismiss the Amended Complaint. Finally, the Medical Groups respectfully request that the Court set an expedited briefing schedule for this Motion to Stay, as a regular schedule would result in the Medical Groups having to brief their opposition to the Motion to Dismiss the Amended Complaint prior to obtaining a decision from the Court on the request for a stay.

Dated: May 20, 2020
       Houston, Texas

Respectfully submitted,

*/s/ John Zavitsanos*
**JOHN ZAVITSANOS**
Texas Bar No. 22251650
Federal ID No. 9122
jzavitsanos@azalaw.com
**SAMMY FORD IV**
Texas Bar No. 24061331
Federal ID No. 950682
sford@azalaw.com
**MICHAEL KILLINGSWORTH**
Texas Bar No. 24110089
Federal ID No. 950682
mkillingsworth@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, PC.**
1221 McKinney, Suite 2500
Houston, Texas 77010
T: 713-655-1101
F: 713-655-0062


**ALAN D. LASH**\*
Florida Bar No. 510904
alash@lashgoldberg.com
**JUSTIN C. FINEBERG**\*
Florida Bar No. 0053716
jfineberg@lashgoldberg.com
**JONATHAN E. SIEGELAUB**\*
Florida Bar No. 1019121
jsiegelaub@lashgoldberg.com
**LASH & GOLDBERG LLP**
Miami Tower, Suite 1200
100 Southeast Second Street
Miami, Florida 33131
T: 305-347-4040

\* *Pro Hac Vice* applications to be submitted

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERRAL**

      I HEREBY CERTIFY that I have conferred with Don Colleluori, counsel for Defendants, regarding the issues presented in the foregoing Motion, and the Parties could not agree to the requested relief. Defendants' position is that the parties should fully brief the Motion to Dismiss in this Court, and agree to a date certain for that briefing, rather than awaiting the Court's ruling on the Motion, while staying all other deadlines. The opposed Motion is, accordingly, presented to the Court for a determination.

By: /s/ Justin C. Fineberg  
**Justin C. Fineberg**

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on May 20, 2020, a true and correct copy of this document has been filed electronically via the Court's CM/ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's CM/ECF filing system.

Andrew G. Jubinsky
Donald Colleluori
FIGARI + DAVENPORT LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
*Counsel for Defendants*

By: */s/ John Zavitsanos*
     **John Zavitsanos**